IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

GEORGE A. GUY, )
)
Plaintiff, )
)
v. ) Case No. CIV-05-75-F
)
JO ANNE B. BARNHART, )
Commissioner, Social )
Security Administration, )
)
Defendant. )

## **REPORT AND RECOMMENDATION**

Plaintiff George Guy seeks judicial review of the denial of benefits by the Social Security Administration ("SSA"). Based on a failure to consider a treating physician's opinion, the Court should reverse and remand for an award of supplemental security income ("SSI"), but not disability insurance ("DIB").[1]

---

[1] Mr. Guy moves for summary judgment, as he did in prior proceedings. Answer: Motion for Summary Judgment and Motion for Dismissal as Matter of Law of Def. "Brief in Support of Commissioner Decision" and "Answer" at pp. 1-2 (Aug. 17, 2005) ("Plaintiff's Reply Brief"). This Court has held that summary judgment is unavailable in social security proceedings. *Guy v. Apfel*, Case No. CIV-98-1392-R, slip op. at 5 (W.D. Okla. Jan. 14, 2000) (unpublished report and recommendation by magistrate judge), *adopted* (W.D. Okla. Feb. 3, 2000) (unpublished order by chief district judge), *aff'd*, 21 Fed. Appx. 848 (10th Cir. Oct. 30, 2001) (unpublished op.), *cert. denied*, 537 U.S. 863 (Oct. 7, 2002) (mem.); *see also Nickol v. United States*, 501 F.2d 1389, 1390 (10th Cir. 1974) (holding that by definition, judicial review of agency action involves genuine issues of material fact, preventing summary judgment); *Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495, 1503-1504 (10th Cir. 1992) (Kane, J., concurring) ("[i]n this circuit, there is authority that any . . . motion for summary judgment, is improper in a social security case"). In light of the suggested ruling on the merits, the Court need not address Mr. Guy's summary judgment motion.

## BACKGROUND

Mr. Guy applied for SSI and DIB. Administrative Record at pp. 30-34 (certified Apr. 4, 2005) ("Rec."). The SSA denied the applications initially and on reconsideration. *Id.* at pp. 35, 44, 53, 54. An administrative hearing took place,[2] which resulted in a finding of non-disability.[3] The Appeals Council declined jurisdiction,[4] and Mr. Guy filed an action in this Court.[5] The federal district court affirmed in part and reversed in part. *Guy v. Apfel*, Case No. CIV-98-1392-R (W.D. Okla. Feb. 3, 2000) (unpublished order by chief district judge).[6]

On remand, a second administrative law judge conducted a new hearing, applied the five-step processes mandated under 20 C.F.R. §§ 404.1520 (b)-(f) and 416.920(b)-(f), and

---

[2] *See* Rec. at pp. 178-94.

[3] Rec. at pp. 18-25.

[4] Rec. at pp. 4, 7-8.

[5] *See* Complaint, *Guy v. Apfel*, Case No. CIV-98-1392-R (W.D. Okla. Oct. 6, 1998).

[6] The Tenth Circuit Court of Appeals affirmed, and the Supreme Court denied *certiorari*. *Guy v. Massanari*, 21 Fed. Appx. 848 (10th Cir. Oct. 30, 2001) (unpublished op.); *Guy v. Barnhart*, 537 U.S. 863 (Oct. 7, 2002) (mem.).

concluded that the Plaintiff was not disabled. Rec. at pp. 540-91 (hearing), pp. 218-226 (decision).[7] The Appeals Council declined jurisdiction,[8] and the present action followed.

STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the SSA's decision lacks substantial evidence or is based on an incorrect legal standard, reversal is necessary. *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) ("if the [administrative

---

[7] At step one, the judge found that the Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Rec. at pp. 220, 225.

At step two, the administrative law judge determined that Mr. Guy had not suffered from a severe impairment before May 1994. *Id.* at pp. 220, 225. But the judge also found that after May 1994, Mr. Guy suffered from severe impairments involving degenerative joint disease of the right hip, bilateral sacrolitis, obesity, and right knee flexion contracture. *Id.*

At step three, the judge found that the Plaintiff did not have an impairment or combination of impairments that met or equaled a "listing". *Id.* at pp. 221, 225.

At step four, the judge determined that beginning in May 1994, Mr. Guy retained the residual functional capacity ("RFC") for sedentary work, diminished by significant nonexertional limitations which prevented his walking without the assistance of a cane. *Id.* at pp. 224-26. Finally, the judge found that the Plaintiff was moderately limited by pain and could only occasionally balance. *Id.* Based on this assessment, the judge determined that Mr. Guy could not return to his past relevant work. *Id.*

At step five, the administrative law judge concluded that the Plaintiff could work as a polisher, assembler, and food checker. *Id.* at p. 225. Thus, at step five, the judge concluded that Mr. Guy was not disabled. *Id.* at p. 226.

[8] Rec. at pp. 195-98.

law judge] failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence").

REQUEST FOR DIB

Mr. Guy was insured for DIB through March 31, 1993. *See* Rec. at pp. 35, 53, 55, 65. But the Plaintiff acknowledges that his problems began later. *Id.* at pp. 554-59. As a result, the Court should conclude that Mr. Guy is not entitled to DIB. *See Potter v. Secretary of Health & Human Services*, 905 F.2d 1346, 1349 (10th Cir. 1990) (*per curiam*) (to qualify for DIB, the claimant must have had a disability "prior to the expiration of [his] insured status"); *see also* Answer to Order Filed on May 24, 2005 at p. 8 (June 8, 2005) ("Plaintiff's Opening Brief") (Mr. Guy's request for benefits beginning December 13, 1994).

REQUEST FOR SSI

The Court should reverse and remand with instructions to award SSI to Mr. Guy. He contends that the administrative law judge had failed to explain his disregard of two opinions by a treating physician, Dr. Bob Howard: (1) that the Plaintiff could not lift anything over five pounds or engage in prolonged standing, stooping, bending, climbing, crawling, pushing, or pulling; and (2) that the Plaintiff could only sit to work comfortably for 1-1½ hours at a time. Complaint at pp. 3-4, 6 (Jan. 21, 2005) ("Complaint"); Plaintiff's Reply Brief at pp.

3, 5-7, 10.[9] The Plaintiff is correct that the administrative law judge had committed a legal error with regard to the second opinion, but not the first one.

I. The Evaluation of a Treating Source's Opinion

The SSA generally gives greater weight to the opinions of sources who have treated the claimant than those who have not. *See Hackett v. Barnhart*, 395 F.3d 1168, 1173-74 (10th Cir. 2005); 20 C.F.R. § 416.927(d)(2) (2004). A sequential process is necessary when an administrative law judge assesses a treating physician's opinion. First, the administrative law judge must determine whether the opinion qualifies for controlling weight. *See Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004) (*per curiam*). This evaluation entails a determination of whether the opinion is "'well-supported by medically acceptable clinical and laboratory diagnostic techniques.'" *Id.* (citation omitted). If not, the inquiry ends. *See id.* But if the opinion is well-supported, the judge must confirm that the opinion is consistent with other substantial evidence in the record. *See id.* If the opinion is deficient in either respect, it is not entitled to controlling weight. *See id.* At that point, the administrative law judge must weigh the opinion based on multiple factors[10] and "give good reasons" for the

---

[9] Mr. Guy also alleges: (1) He had met Listings 1.02, 1.03, and 1.05; (2) the administrative law judge had failed to consider the combined effect of the impairments and the need for assistance in using the restroom; (3) substantial evidence had not existed for the evaluation of pain or ability to perform sedentary work; and (4) the administrative law judge had committed due process violations. Complaint at pp. 5-13; Plaintiff's Opening Brief at pp. 2-8; Plaintiff's Reply Brief at pp. 2, 8-11. The Court need not address these arguments in light of the conclusion discussed in the text. *See infra* pp. 7-9.

[10] These factors include:

(1) the length of the treatment relationship and the frequency of examination; (2) the

weight assigned to the opinion. *Id.* (citations omitted). The judge may reject a treating source's opinion outright only on the basis of contradictory medical evidence. *See id.* If the judge rejects the opinion completely, he must give "'specific, legitimate reasons.'" *Id.* (citation omitted).

II. The Opinion Concerning Limitations on Lifting, Standing, Stooping, Bending, Climbing, Crawling, Pushing, and Pulling

According to the Plaintiff, he had been warned by Dr. Howard not to lift anything more than five pounds or to engage in "prolonged standing, stooping, bending, climbing, crawling, pushing, [or] pulling." Complaint at p. 3 (citing Rec. at p. 97); Plaintiff's Reply Brief at p. 3. Mr. Guy contends that the administrative law judge had failed to explain his disregard for this opinion. Complaint at p. 4; Plaintiff's Reply Brief at pp. 5-7. But the limitations were written on a form completed and signed by Mr. Guy rather than Dr. Howard. *See* Rec. at pp. 72-75. As a result, the alleged opinion is not entitled to special deference and the administrative law judge did not err in declining to discuss the document. *See Redfearn v. Chater*, 99 F.3d 1150, 1996 WL 594278, Westlaw op. at 1-2 (10th Cir. Oct. 17, 1996) (unpublished op.) (limitations listed on a "functional tolerance profile" allegedly prepared

---

> nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the [administrative law judge's] attention which tend to support or contradict the opinion.

*Robinson v. Barnhart*, 366 F.3d at 1082.

by a treating physician were not to be accorded "treating physician" status, in part because the document was unsigned and there was no proof that it had been authored by the doctor).

III. The Opinion Concerning the Plaintiff's Ability to Sit

Dr. Howard opined that "[Mr. Guy] [could] sit to work comfortably for 1-1½ hours at a time and 6 hours total during 8 [hour] day." Rec. at p. 120. The administrative law judge did not mention the opinion or include the limitation in the RFC assessment. *See supra* note 7.[11] Instead, the administrative law judge concluded that Mr. Guy could perform the exertional demands of sedentary work,[12] which requires sitting for intervals of approximately

---

11 In assessing the RFC, the administrative law judge stated: "There is no objective evidence to show that the claimant needs to change positions from sitting to standing more often than at two-hour intervals." Rec. at p. 224. This statement ignores Dr. Howard's opinion concerning the Plaintiff's inability to sit for more than 1½ hours at a time. *See supra* p. 7. Dr. Howard's opinion, in turn, is supported by a radiology report from Dr. C.S. Hoo. That report stated that the Plaintiff suffered from bilateral sacroilitis. Rec. at p. 146. This condition has been known to cause pain when someone rises from a seated position. *See* Young, Aprill, & Laslett, *Correlation of Clinical Examination Characteristics with Three Sources of Chronic Low Back Pain*, 3 *Spine Journal* 460, 464 (2003) ("Significant associations were noted between [sacroiliac] joint pain provocation tests, pain when rising from sitting, unilateral pain and lack of midline lumbar pain and [sacroiliac] joint pain.").

12 Rec. at pp. 224-26; *see supra* note 7.

two hours.[13] Dr. Howard's opinion is incompatible with the judge's findings,[14] and the discrepancy is not explained in the decision.[15]

The judge should have evaluated the opinion and explained any related findings. *See supra* pp. 5-6. Absent any mention of the opinion, the Court cannot meaningfully review the judge's determination and must reverse. *See Robinson v. Barnhart*, 366 F.3d 1078, 1085 (10th Cir. 2004) ("Because we conclude that the [administrative law judge] did not follow the correct legal standards in considering the opinion of claimant's treating physician, we reverse and remand for further proceedings."); *see also Lackey v. Barnhart*, 127 Fed. Appx. 455, 458 (10th Cir. Apr. 5, 2005) (unpublished op.) ("[W]hen, as here, an [administrative law

---

13 Social Security Ruling 96-9p, Policy Interpretation Ruling Titles II and XVI: Determining Capability to Do Other Work - Implications of a Residual Functional Capacity for Less than a Full Range of Sedentary Work, 1996 WL 374185, Westlaw op. at 6 (July 2, 1996).

14 *See Goodwin v. Apfel*, 166 F.3d 1221, 1998 WL 911695 (10th Cir. Dec. 31, 1998) (unpublished op.) (holding that the administrative law judge had erroneously found an ability to perform sedentary work in light of medical evidence that the claimant could not sit for two hours at a time).

15 In the earlier proceedings, Mr. Guy had also relied in part on Dr. Howard's opinion. *E.g.*, Rec. at p. 282. After the first hearing, the administrative law judge found that Mr. Guy could perform some sedentary jobs. *Id*. at pp. 23-25. This Court held that in light of Dr. Howard's opinion about the limited ability to sit, the administrative law judge's RFC findings were deficient without the use of a vocational expert. *Guy v. Apfel*, Case No. CIV-98-1392-R, slip op. at 22-26 (W.D. Okla. Jan. 14, 2000) (unpublished report and recommendation by magistrate judge), *adopted* (W.D. Okla. Feb. 3, 2000) (unpublished order by chief district judge), *aff'd*, 21 Fed. Appx. 848 (10th Cir. Oct. 30, 2001) (unpublished op.), *cert. denied*, 537 U.S. 863 (Oct. 7, 2002) (mem.). On remand, the administrative law judge did use a vocational expert. *See* Rec. at pp. 576-78, 580-91. The expert was questioned about Mr. Guy's ability to work if he could sit without breaks or with only "normal breaks" for six hours in an eight-hour workday. *Id.* at pp. 581-84. The expert was never questioned about Mr. Guy's ability to work if he could only sit for 1-1½ hours at a time.

judge] does not provide any explanation for rejecting medical [source] evidence, we cannot meaningfully review the [administrative law judge's] determination.").

THE APPROPRIATE REMEDY ON REMAND

With the reversal, the Court could again remand to the SSA for further findings or direct an award of SSI to the claimant. *See Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993). The Plaintiff has requested a remand for an award of benefits. Complaint at pp. 2, 6, 13; Plaintiff's Opening Brief at pp. 7, 8; Plaintiff's Reply Brief at pp. 5-6, 12. In prior proceedings, the Tenth Circuit Court of Appeals declined to order benefits for Mr. Guy to avoid usurpation of the SSA's role as the fact finder. *Guy v. Massanari*, 21 Fed. Appx. 848, 850 (10th Cir. Oct. 30, 2001) (unpublished op.). But in the ensuing period of almost four years, circumstances have dramatically changed and now fully justify an award of benefits.

First, Mr. Guy applied for SSI over 10½ years ago,[16] and further delay would be inequitable.[17]

Second, the SSA has already provided two administrative hearings, two reviews by the Appeals Council, and one set of reviews by three federal courts. *See supra* pp. 1-3. "The [SSA] is not entitled to adjudicate a case '*ad infinitum* until it correctly applies the proper legal standard and gathers evidence to support its conclusion.'" *Sisco v. United States*

---

16 *See* Rec. at pp. 30-34.

17 *See Sisco v. United States Department of Health and Human Services,* 10 F.3d 739, 746 (10th Cir. 1993) (award directed when the claim was pending seven years); *Nielson v. Sullivan,* 992 F.2d 1118, 1122 (10th Cir. 1993) (award directed when the claim was pending six years).

*Department of Health and Human Services,* 10 F.3d 739, 746 (10th Cir. 1993) (citation omitted).

The combination of these factors should result in directions for payment of SSI benefits, rather than reconsideration by the SSA.

RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should reverse and remand with directions for an award of SSI to the Plaintiff. The amount of the payments should be left to the SSA on remand.

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1) (2000). Objections are due November 10, 2005. *See* W.D. Okla. LCvR 72.1(a). If a party does not file written objections by November 10, 2005, he would waive any right to appellate review. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

STATUS OF THE REFERRAL

The referral to the undersigned is terminated.

Entered this 21st day of October, 2005.

Robert E. Bacharach
United States Magistrate Judge